## MONTGOMERY v. UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF TENNESSEE.

No. 186. Submitted March 27, 1896. — Decided April 13. 1896.

*Goode* v. *United States*, 159 U. S. 663, followed in holding that in the trial of an indictment against a letter carrier, charged with secreting, embezzling or destroying a letter containing money in United States currency, the fact that the letter was a decoy is no defence.

The carrier's duties are the same, whether the letters are genuine or decoys.

THE case is stated in the opinion.

*Mr. Lewis Shepherd* and *Mr. Creed F. Bates* for plaintiff in error.

*Mr. Assistant Attorney General Whitney* for defendants in error.

MR. JUSTICE SHIRAS delivered the opinion of the court.

Thomas M. Montgomery, the plaintiff in error, was indicted in the Circuit Court of the United States for the Eastern District of Tennessee, for the crime of embezzling and stealing, on March 8 and 9, 1890, certain letters containing money in United States currency, which had come into his possession as a railway postal clerk or route agent, on the railway mail route between Chattanooga, Tennessee, and Bristol, Tennessee. The defendant was tried, convicted and sentenced to be confined at hard labor for the term of two years in the penitentiary at Columbus, Ohio.

At the trial it appeared that the letters taken had been mailed for the purpose of detecting the defendant; in other words, were "decoy" letters; and thereupon the defendant asked the court to instruct the jury that, as the letters taken were mailed for the purpose of entrapping defendant into the commission of a crime, there could be no conviction of the defendant for the taking of said letters.

The refusal of the court to so charge is the subject of the first assignment of error.

To dispose of this assignment it is sufficient to cite the case of *Goode* v. *United States*, 159 U. S. 663, where it was held that, in an indictment against a letter carrier charged with secreting, embezzling or destroying a letter containing postage stamps, the fact that the letter was a decoy is no defence.

Error was likewise assigned to the refusal of the court to charge that there was a fatal variance between the indictment and proof in respect to the description of the letters, for the stealing or embezzling of which the defendant was indicted.

In the indictment it was averred that the letters in question had come into the defendant's possession as a railway postal clerk, to be conveyed by mail and to be delivered to the persons addressed. It was disclosed by the evidence that the letters and money thus mailed belonged to the inspectors who mailed them, and were to be intercepted and withdrawn from the mails by them before they reached the persons to whom they were addressed.

There is no merit in this assignment. The letters put in evidence corresponded, in address and contents, to the letters described in the indictment, and it made no difference, with respect to the duty of the carrier, whether the letters were genuine or decoys with a fictitious address. Substantially this question was ruled in the case of *Goode* v. *United States*, above cited.

The judgment of the court below is

*Affirmed.*