## UNITED STATES v. HALL.

(District Court, S. D. New York. November 11, 1896.)

CRIMINAL LAW—INDICTMENT—EMBEZZLING LETTERS—SEC. 5467, REV. ST.—CON-
VEYANCE BY MAIL—VARIANCE—WHEN IMMATERIAL.

On an indictment against the defendant, who was employed as a clerk in a branch post office, for embezzling a mailed letter and its contents, each of the three counts averred that the letter was "intended to be delivered by a letter carrier." The first two counts were under the first branch of section 5467, of the Revised Statutes; the third count was under the last clause of that section. The evidence showed that the letter was a decoy letter addressed to a fictitious person at a fictitious place of delivery, and was not intended or expected to be delivered as addressed; but that it was intended to be handled and forwarded by the defendant in accordance with his usual duties in the post office: *Held*: (1) That this was sufficient to show an intended "conveyance by mail" so as to be within the jurisdiction of the postal authorities, but that in the absence of any other averment on that point in the two first counts than that the letter was "intended to be delivered by a letter carrier," the latter averment was material and must be proved as laid; and this averment being disproved by the evidence, the verdict could not stand upon those counts; (2) that in the third count, under the last clause of section 5467, this averment was not material, and being no ingredient in the offense, nor matter of identification of the letter, this averment should be treated as surplusage, and the verdict stand on the third count.

This was an indictment against William R. Hall for embezzling a letter from the mails. The case was heard on a motion in arrest of judgment and for a new trial.

Wallace Macfarlane, U. S. Dist. Atty., and Jason Hinman, Asst. U. S. Atty.

James R. Angel and Arthur C. Butts, for defendant.

BROWN, District Judge. A motion is made in arrest of judgment and for a new trial after a verdict of guilty found upon trial of the defendant on an indictment containing three counts, under section 5467 of the Revised Statutes, for embezzling a letter from the mail and stealing its contents.

The evidence showed that the Government detectives prepared a special delivery letter designed as a test or decoy letter, containing marked bills, and delivered it bearing a special delivery stamp to the night clerk in charge of Branch Station F, of the Post Office in this City. The defendant was not a letter-carrier, but a clerk employed at that office, whose duty it was to take charge of special delivery letters, enter them in a book kept for that purpose, and then place them in course of transmission. The letter in question was addressed to Mrs. Susan Metcalf, a fictitious person, at 346 E. 24th Street, New York City, a fictitious number. The letter was placed by the night clerk with other letters upon the table where such letters were usually placed, and the defendant entering the office not long after, took this letter, along with the others on the same table, removed them to his desk, and properly entered the other letters, but did not enter this letter. On leaving the office not long after, the omission to enter the letter having been observed, he was arrested, and the money contents of

the letter, marked and identified by the officers, were found upon his person. The officers testified upon cross-examination that the address was a fictitious one; that the letter was designed as a test letter, and that they "did not intend that the letter should be delivered to Mrs. Susan Metcalf, or to that address," and that "it could not be delivered to that person at that address."

1. The first two counts of the indictment are under the first part of section 5467, and after describing the letter, they aver that the letter had been intrusted to the defendant and had come into his possession in his capacity as clerk employed in the postal service, and by virtue of his office and employment, and that "the letter was intended to be delivered by a letter-carrier." The third count was based upon the last clause of section 5467, and averred that the defendant feloniously stole the contents of said letter (describing it), and that the letter "was intended to be delivered by a letter-carrier and had not been delivered to the party to whom the same was directed." In neither of the counts is there any other averment with regard to any intended conveyance of the letter by mail. At the close of the Government's case, the counsel for the prisoner moved that a verdict of acquittal be entered on the ground that the offense was not proved as laid in the indictment. The motion was denied, with leave to renew in case of a verdict of guilty, by motion in arrest of judgment, and for a new trial.

If it was essential for the Government to prove that the letter in question "was intended to be delivered by a letter carrier" in order to entitle it to a conviction on one of the three counts, the motion should be granted; both because there was not sufficient evidence to support that averment, and because the case was submitted to the jury without proper instructions on that subject, provided a finding of the jury on that point was material. There is certainly grave doubt upon the evidence whether the letter was in any event designed to leave Station F; that is, whether it was not intended to be intercepted before it left Station F or came into the hands of any letter-carrier had it been properly entered by the defendant in the book of special deliveries. In the two counts under the first part of section 5467, it is necessary, as held in the Supreme Court in the case of Goode v. U. S., 159 U. S. 665, 668, 16 Sup. Ct. 136, 137, to aver that the letter was intended (a) to be conveyed by mail; or (b) carried or delivered by any mail carrier, letter carrier, or other person, and so on; or (c) forwarded through or delivered from any post office or branch post office, etc. If some one of these circumstances be necessary to be averred, then there must be either direct or circumstantial evidence from which the jury can find or rightly infer this intent, except in so far as the necessary evidence is supplied by the following section. Section 5468 declares that a deposit in the post office or branch post office is evidence that the letter was "intended to be conveyed by mail." It does not, however, declare that this shall be evidence that it was to be delivered by a letter carrier or forwarded, etc. Evidently it could not do so; for thousands of letters are deposited for delivery to the persons addressed who have boxes rented to

them in the same post office building, in which cases there is no delivery by letter carrier, and no forwarding, and none is intended. In all such cases there is, however, a "conveyance by mail," a condition sufficiently satisfied by any handling of a deposited letter by the postal authorities, or any use of any part of the machinery, of the Post Office, in putting the letter in course of transmission, though the letter may not go out of the building, or out of the room in which it is deposited.

This indictment, however, is not framed upon the "conveying" clause of section 5467, but upon the averment that the letter was "intended to be delivered by a letter-carrier." As the Government chose this as one of the several necessary averments in the first two counts, drawn upon the first part of section 5467, I think it is bound by the particular clause on which those indictments are drawn, and that the verdict can not stand upon those counts.

2. The last clause of section 5467, upon which the third count is framed, does not require either of the above named averments. That clause declares that "any such person" (that is, any such post-office employé), "who shall steal any of the things aforesaid" (that is, the contents) "out of any letter" (not any such letter), "package, bag, or mail of letters, which shall have come into his possession, either in the regular course of his official duties, or in any other manner whatever, and provided the same shall not have been delivered to the party to whom it is directed," shall be punishable, etc.

No doubt the letter referred to must be one intended to be "conveyed by mail" within the sense of those words, as above defined (U. S. v. Wight, 38 Fed. 106, 108); and such was the intent in this case; for the letter deposited was intended to come, as it did come, officially into the hands of the defendant, and to be put in course of transmission, according to its address. To that extent the evidence clearly goes; and no averments beyond that are necessary, except such as the indictment contains. The averment of the third count that this letter was "intended to be delivered by a letter carrier," is surplusage. Such an intent is not one of the ingredients or conditions of the statutory offense. It has no bearing on the defendant's acts; and it has no more connection with the offence described, than any other private intention, or private motive of the writer of the letter could have had. It seems to me, therefore, to be immaterial, and surplusage. In some cases unnecessary averments in regard to the description of the article stolen have been held to constitute a fatal variance when the proof contradicted the particulars averred; because the particular description was a part of the identity of the article. I do not think the averment in the present case can fairly be said to be of that character. In the case of Montgomery v. U. S., 162 U. S. 410, 16 Sup. Ct. 797, the indictments were very similar; in the third count the averment was that the letter was "to be conveyed by mail, and to be delivered to the persons addressed." The proofs showed that it was the intention of the Government officers who deposited the letters to withdraw them from the mails in case they were not stolen be-

fore they reached the persons addressed. It was held that there was no variance, and the exception taken on the ground of a fatal variance was overruled. Whatever doubts might otherwise be entertained, I think that case requires me to overrule the present motion as respects the last count in this indictment; and as the transaction was a single transaction, the third count is sufficient to sustain the verdict; and the motion is therefore overruled.