## JOHNSON v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 2, 1915.)

WITNESSES ☞53—HUSBAND AND WIFE—COMPETENCY FOR OR AGAINST EACH OTHER.

On the trial of a person for aiding and assisting in the transportation of his wife in interstate commerce, for purposes of prostitution, etc., in violation of Act June 25, 1910, c. 395, § 2, 36 Stat. 825 (Comp. St. 1913, § 8813), the wife was not a competent witness for the government, as the common-law rule that neither husband nor wife can testify against the other has not been changed, except as modified by Rev. St. 1878, § 858, providing that no witness shall be excluded on account of color, or in any civil action, because he is a party to, or interested in, the issue tried, and that in other respects the laws of the state shall be the rules of decision as to the competency of witnesses in trials at common law and in equity and admiralty; that section not affecting the common-law incompetency of a husband or wife as a witness against the other in a criminal trial.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 137–141; Dec. Dig. ☞53.

Competency of witnesses in federal courts, following state practice, see notes to O'Connell v. Reed, 5 C. C. A. 602; Hinchman v. Parlin & Orendorff Co., 21 C. C. A. 278.]

In Error to the District Court of the United States for the Southern District of Iowa; Smith McPherson, Judge.

Charles W. Johnson was convicted of an offense, and he brings error. Reversed and remanded, with directions.

---

F. E. Thompson, of Burlington, Iowa, and F. M. Ballinger, of Keokuk, Iowa, for plaintiff in error.

Claude R. Porter, of Centerville, Iowa, for defendant in error.

Before SANBORN, ADAMS, and SMITH, Circuit Judges.

SMITH, Circuit Judge. Charles W. Johnson, plaintiff in error, was indicted in the court below for violating the provisions of the act of June 25, 1910 (36 Stat. 825), commonly known as the White Slave Act. He was charged in the indictment with having aided and assisted in obtaining transportation for a woman named Maude Johnson to be transported from Burlington, Iowa, to Monmouth, Ill., in interstate commerce, for the purpose of prostitution and debauchery, in violation of the provisions of section 2 of the act above mentioned.

At the trial Maude Johnson was called as a witness on behalf of the government, and after it was made to appear that she was the wife of the defendant, and that the case disclosed no personal violence upon either the wife or the husband, counsel for defendant objected to her testifying on the ground that she was not a competent witness. This objection was overruled by the court, due exceptions allowed, and she testified to the facts substantially as charged in the indictment. This was all the evidence in the case. Again, after her testimony had been taken and no personal violence shown, defendant's counsel moved the court to instruct the jury not to consider the testimony of the wife. This motion was denied, and defendant's counsel duly excepted. A verdict of guilty followed, and defendant was sentenced to serve a term of five years in the Minnesota state penitentiary and to pay the costs of the case.

The only question presented for our consideration is: Could the wife testify against the husband upon a trial of the charge preferred in the indictment? At common law the rule was that neither husband nor wife could testify against each other. Stein v. Bowman, 13 Pet. 209, 10 L. Ed. 129; Bassett v. United States, 137 U. S. 496, 11 Sup. Ct. 165, 34 L. Ed. 762; Hopkins v. Grimshaw, 165 U. S. 342, 17 Sup. Ct. 401, 41 L. Ed. 739. And this rule has not been changed by any statute of the United States, except as modified and limited by section 858 of the Revised Statutes of 1878, and this section does not affect the common-law incompetency of a husband or wife from testifying against each other in a case like the present. See cases supra. Moreover it has no application to criminal trials. Hendrix v. United States, 219 U. S. 79, 85, 31 Sup. Ct. 193, 55 L. Ed. 102.

On the authority of these cases we conclude that the trial court erred in holding the wife of the defendant to be a competent witness against him. The rule is different in civil cases. Harris v. Brown, 109 C. C. A. 60, 187 Fed. 6.

The judgment is reversed, and the cause remanded to the District Court, with directions to grant a new trial.