## McSHANN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 13, 1916.)

### No. 4368.

1. POST OFFICE ⟺42—OFFENSES—TAMPERING WITH MAIL—"LETTER INTENDED TO BE CONVEYED BY MAIL."

Decoy letters addressed to fictitious persons, which were placed in the mails by post office inspectors, so as to be carried over the route of a suspected railway mail clerk, and intended to be removed from the mails at the end of his route without being carried to the place of address, are let-

ters intended to be conveyed by mail, within Penal Code (Act March 4, 1909, c. 321) § 195, 35 Stat. 1125 (Comp. St. 1913, § 10365), making it punishable for an employé in the postal service to detain, delay, or open any "letter intended to be conveyed by mail."

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 61; Dec. Dig. ☞42.]

2. INDICTMENT AND INFORMATION ☞110(3)—TAMPERING WITH MAIL.
An indictment against a railway mail clerk, which charged in separate counts the offenses of detaining and delaying, secreting, embezzling, and destroying, and selling, abstracting, and removing the contents of letters placed in the mails, in the language of the statute, and specifically describing the letters, is sufficient.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 291–294; Dec. Dig. ☞110(3).]

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Lewis H. McShann was convicted of tampering with mail intrusted to his custody, and he brings error. Affirmed.

B. B. Blakeney and James H. Maxey, both of Muskogee, Okl., for plaintiff in error.

John A. Fain, U. S. Atty., of Lawton, Okl., and W. Boothe Merrill, Asst. U. S. Atty., of Oklahoma City.

Before ADAMS and CARLAND, Circuit Judges, and TRIEBER, District Judge.

ADAMS, Circuit Judge. This was an indictment against plaintiff in error, McShann, for violating provisions of section 195 of the federal Penal Code of 1910, as follows:

"Whoever, being a postmaster or other person employed in any department of the postal service, shall unlawfully detain, delay, or open any letter * * * intrusted to him or which shall come into his possession, and which was intended to be conveyed by mail, or carried or delivered by any carrier, messenger, agent, or other person employed in any department of the postal service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General; or shall secrete, embezzle, or destroy any such letter; * * * or shall steal, abstract, or remove from any such letter * * * any article or thing contained therein, shall be fined not more than five hundred dollars, or imprisoned not more than five years, or both."

The indictment charges McShann in nine separate counts with (1) detaining, delaying, and opening a certain letter addressed to one Eliza White, Columbia, S. C., and specifically otherwise described in the indictment; (2) secreting, embezzling and destroying that letter; (3) stealing, abstracting, and removing the contents of that letter; (4) detaining, delaying, and opening a certain letter addressed to Miss Mary Richards, North McAlester, Okl., and otherwise sufficiently described; (5) secreting, embezzling, and destroying that letter; (6) stealing, abstracting, and removing the contents from that letter; (7) detaining, delaying, and opening another letter addressed to Miss Celestia Thompson, Haileyville, Okl.; (8) secreting, embezzling, and destroying that letter; and (9) stealing, abstracting, and removing the contents of that

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

letter. It charges that each of these letters came into the possession of and were intrusted to the defendant while acting as a substitute railway postal clerk in the McAlester-Sayre railway post office, and were intended to be carried by the United States mail.

The defendant entered a plea of not guilty, and the case was brought on for trial, resulting in a verdict of guilty on the first six counts and of not guilty on the last three counts, and he was sentenced on each of the counts on which he was convicted to imprisonment in the penitentiary for a period of 2 years and 6 months on each count; the time of imprisonment on the several counts running concurrently. From this judgment and sentence the defendant prosecutes error.

[1] He assigns for error the following:

"First. The court erred in failing and refusing to charge the jury, as requested by the defendant, that no conviction could be had, for the reason that neither of the packages charged in the indictment to have been taken, broken, mutilated, or the contents of which is charged to have been embezzled, was deposited in said post office, or in any post office in the United States, with the intention that the same should be transported as mail, and that the same did not come into the hands, custody, or charge of the defendant as mail for transportation, and that the same was not mail, and the United States was not obligated and had not undertaken to transport the same, but that the same was left and placed therein, to be removed therefrom, and not transported as mail, and the taking of the same would not be a violation of the postal laws of the United States, and would not sustain a conviction under the indictment on which the defendant was being tried, and would not sustain a conviction on any count thereof.

"Second. That the court erred in stating to the jury in his instructions that the law authorizes these officials of the department, these inspectors, to adopt a plan of that character to detect and discover crime, and in charging that the tampering, taking, delaying, molesting, abstraction, secretion, appropriation, or embezzlement of the same an offense was committed.

"Third. The court erred in entering judgment upon the verdict returned herein, for the reason that the evidence did not establish a public offense, in this: That the package placed in the post office by the witnesses, George H. Lewis and O. C. Pierce, as to which the defendant is charged with secreting, abstracting, appropriating, and destroying the same, and embezzling the contents thereof, were not parcels or letters placed in said post office in good faith for transportation, and was not such mail for which a conviction could be had for such interference, abstraction, molesting, secretion, appropriation, and embezzlement."

The meaning of these assignments, as argued by defendant's counsel, is that, inasmuch as the proof showed that the letters were prepared by post office inspectors and caused to be placed within the mail bag on defendant's route, addressed to fictitious persons, intended to be intercepted and removed from the bag on or before the arrival of the train at the end of defendant's route, in the event they were not tampered with by him, without being carried forward to their destination as shown on the addressed envelopes, they, and each of them, were not "intended to be conveyed by mail," within the meaning of the statute. In other words, the contention is that the use of decoy letters by inspectors of the United States to detect crime perpetrated against the postal establishment was unwarranted, and that such letters were not "intended to be conveyed by mail" within the meaning of the statute. This presents a question which was long ago decided by the Supreme Court of the United States adversely to the

defendant's contention. Grimm v. United States, 156 U. S. 604, 15 Sup. Ct. 470, 39 L. Ed. 550; Goode v. United States, 159 U. S. 663, 16 Sup. Ct. 136, 40 L. Ed. 297; Montgomery v. United States, 162 U. S. 410, 16 Sup. Ct. 797, 40 L. Ed. 1020; Hall v. United States, 168 U. S. 632, 18 Sup. Ct. 237, 42 L. Ed. 607; Scott v. United States, 172 U. S. 343, 19 Sup. Ct. 209, 43 L. Ed. 471. These assignments are therefore without merit.

[2] It is argued that the indictment is insufficient, in that it fails to charge a public offense. This argument is also without merit. It charges the separate offenses in the language of the statute, and with every requisite detail.

The judgment is affirmed.