UNITED STATES v. BOZEMAN.

(District Court, W. D. Washington, N. D.    September 6, 1916.)

No. 3348.

WITNESSES ⬤≈61(1)—COMPETENCY—WIFE.

    In a prosecution for violating the White Slave Act (Act June 25, 1910, c. 395, 36 Stat. 825 [Comp. St. 1913, §§ 8812–8819]) by transporting his wife in interstate commerce for immoral purposes, the wife, though no personal violence on her was shown, is a competent witness against accused; a serious wrong being done her.

    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 174, 175; Dec. Dig. ⬤≈61(1).]

Sydney Bozeman was charged with violating the White Slave Act, and he moves to strike testimony.    Motion denied.

Clay Allen, U. S. Atty., and Winter S. Martin, Asst. U. S. Atty., both of Seattle, Wash.

Charles T. Donworth, of Seattle, Wash., for defendant.

  NETERER, District Judge.    The defendant is on trial for violation of the White Slave Act.    The wife, Rose Bozeman, testified to the charges in the indictment.    Motion is made to strike her testimony, because no personal violence upon her is shown.    This motion is based upon Johnson v. U. S., 221 Fed. 250, 137 C. C. A. 106, decided by the Circuit Court of Appeals for the Eighth Circuit, which fully sustains defendant's view.    My conclusion is based upon the decision of the Circuit Court of Appeals for this Circuit in Cohen v. U. S., 214 Fed. 23, on page 29, 130 C. C. A. 417, on page 423, in which the court says:

  "We are of the opinion that the personal injury to the wife which permits the admission of her testimony against her husband within the exception recognized by the common law  *  *  *  is not confined to cases of personal violence, but may include cases involving a tort against the wife or a serious moral wrong inflicted upon her, and that in a case of the prosecution of a man for bringing his wife from one state to another with intent that she shall practice prostitution in violation of the White Slave Act, his act in so doing is such a personal injury to her as to entitle her to testify against him."

The holding of the Circuit Court was approved by the Supreme Court of the United States (235 U. S. 696, 35 Sup. Ct. 199, 59 L. Ed. 430), where the court denied petition for a writ of certiorari.    The above conclusion is also indorsed by the District Court in United States v. Rispoli, 189 Fed. 271, and U. S. v. Gwynne, 209 Fed. 993.

  The motion is denied.