## PAPPAS v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 7, 1917.)

1. WITNESSES ⊂⊃61(1)—HUSBAND AND WIFE—OFFENSES AGAINST WIFE.
   The interstate transportation of a married woman by her husband for an immoral purpose, in violation of Act June 25, 1910, c. 395, 36 Stat. 825 (Comp. St. 1906, §§ 8812–8819) is such a personal wrong against the wife as authorizes her to testify against the husband, under the common-law rule applicable to cases of the husband's personal injury to the wife.
   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 174, 175.]

2. WITNESSES ⊂⊃392(1)—IMPEACHMENT—INCONSISTENT STATEMENTS—LETTERS—COMPETENCY.
   On a trial for violating Act June 25, 1910, defendant's wife, though called by the government, became in effect a witness for defendant, denying that she had engaged in prostitution, or that the husband had suggested that she do so. The government, to impeach her testimony, introduced a portion of a letter, written soon after her marriage, in which she complained of unhappiness, and stated that her husband wanted her to "hustle." She further testified that this letter was written to obtain wages due her from the addressee, and the rest of the letter, containing no reference to wages, but appealing for sympathy, was then admitted to impeach her. Held, that the letter was admissible for the purpose for which it was offered.
   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1249–1251.]

3. WITNESSES ⊂⊃390—IMPEACHMENT—INCONSISTENT STATEMENT—COMPETENCY OF IMPEACHING EVIDENCE.
   On such trial, testimony of a police officer that he went to the rooming house in which the wife was staying, and whose inmates were accustomed to paying fines as vagrants, and that the wife asked him to take her fine to the police judge, and said she could not go before the judge and pay a fine, was admissible to impeach her denial that she had engaged in prostitution, or that her husband requested her to.
   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1247.]

In Error to the District Court of the United States for the Eastern Division of District of Idaho; Frank S. Dietrich, Judge.

William Pappas was convicted of an offense, and brings error. Affirmed.

R. M. Terrell and William Edens, both of Pocatello, Idaho, for plaintiff in error.

J. L. McClear, U. S. Atty., and J. R. Smead, Asst. U. S. Atty., both of Boise, Idaho.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The plaintiff in error was convicted under an indictment which charged him with unlawfully transporting, or causing to be transported, his wife from Rock Springs, Wyo., to Pocatello, Idaho, for immoral purposes, in violation of the Mann White Slave Act of June 25, 1910.

[1] It is assigned as error that the wife of the plaintiff in error was permitted to testify against him. In Cohen v. United States, 214 Fed.

23, 130 C. C. A. 417, this court held that conduct such as that with which the plaintiff in error here is charged constituted a personal wrong, which, under the rule of the common law authorizing a wife to testify against her husband in cases of his personal injury to her, permitted her to testify against him, citing United States v. Rispoli (D. C.) 189 Fed. 271, and United States v. Gwynne (D. C.) 209 Fed. 993. The plaintiff in error cites the decision of the Circuit Court of Appeals for the Eighth Circuit in Johnson v. United States, 221 Fed. 250, 137 C. C. A. 106, in which that court reversed the judgment of the District Court, and held that, in the absence of proof of personal violence, in a prosecution under Act June 25, 1910, the wife is not a competent witness against the husband, under the rule of the common law. We are not convinced, however, that our ruling in the Cohen Case was erroneous, and we may add that a petition for certiorari to review the decision in that case was denied. 235 U. S. 696, 35 Sup. Ct. 199, 59 L. Ed. 430.

[2] Error is assigned to the admission in evidence of a certain letter written by the wife of the plaintiff in error while at Pocatello, two days after her marriage. The circumstances under which the letter was admitted were these: The wife of the plaintiff in error was called as a witness for the government, and testified only as to the movements of herself and her husband from the time when they left Rock Springs until the arrest was made. Thereupon, upon cross-examination, counsel for plaintiff in error asked her if her husband had suggested to her that she engage in prostitution, or if she had since her marriage engaged in prostitution, to which she answered that she had not. In so testifying, the witness in effect became a witness for the defense. It was to impeach the evidence so drawn out on the cross-examination that the letter was admitted in evidence. Counsel for the government read the first portion, in which the writer stated that she was "the unhappiest girl that ever walked in shoes," and "here I am two days married, and he wants me to hustle." Thereupon counsel for plaintiff in error objected to the admission of the remainder of the letter on the ground that it was immaterial, and that it was written without the husband's knowledge or consent. The objection was sustained. Thereafter counsel for plaintiff in error, on recross-examination, asked the witness to explain her purpose in writing the letter, to which she answered that she wrote it for the purpose of obtaining certain money, five months' wages, which she said was due her from the woman to whom the letter was written. Counsel for the government then offered the remainder of the letter in evidence to show that the statement of the writer's purpose was inconsistent with the tenor of the letter. The letter was written to a woman at Rock Springs. It contained no reference to money or to wages due, but, on the contrary, was an appeal for sympathy, containing expressions such as these:

"I guess you won't care to hear from me, but I do hope you won't turn me down, because I took the step I am sorry for, will you, Mae? * * * Promise me you won't tell mother that I am broken-hearted. * * * I love you, for you were good to me, and I can't stand to stay away from you. * * * You were better to me than ever my own folks were. So, for God's sake, don't turn me down, will you, Mae?"

We think the letter was clearly admissible for the purpose for which it was offered.

[3] Error is assigned to the admission of the testimony of one Baldwin, a member of the police force of Pocatello, who testified that he went to the rooming house in which the wife of plaintiff in error was living, which house was reputed to be a house of prostitution, and the inmates of which were accustomed to paying fines to the city of Pocatello as vagrants, or people without visible means of support, and that he on one occasion had a conversation with the wife of the plaintiff in error, in which she said, "My God, I would fall dead if I had to go down before that judge and pay a fine," and that he then left the room, and that she followed him and requested him to take her fine to the police judge. This was objected to, on the ground that the conversation was had without the hearing and presence of the plaintiff in error, and on the ground that it was hearsay, irrelevant, incompetent, and immaterial. The testimony of this witness, as well as the letter above referred to, were admitted, not for the purpose of showing the guilt of the plaintiff in error, but expressly for the purpose of impeaching the testimony of his wife, after she had testified that she had not engaged in prostitution, nor had been requested to do so by her husband. On that ground we see no reason why it was not admissible. The instructions of the court to the jury are not contained in the record and we must assume that the court gave proper instructions as to the force and effect of this testimony, and the purpose for which it was to be considered.

We find no error. The judgment is affirmed.