ADAMS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 28, 1919.)

No. 5237.

WITNESSES ⬰52(7)—COMPETENCY—HUSBAND AND WIFE—WITNESS FOR EACH OTHER.

In a criminal prosecution in a federal court against a wife, her husband is not a competent witness in her behalf against the objection of the prosecution.

Stone, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Criminal prosecution by the United States against Cora Adams. Judgment of conviction, and defendant brings error. Affirmed.

J. C. Denton and Frank Lee, both of Muskogee, Okl., for plaintiff in error.

C. W. Miller, Sp. Asst. U. S. Atty., of Muskogee, Okl. (W. P. McGinnis, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before CARLAND and STONE, Circuit Judges, and AMIDON, District Judge.

CARLAND, Circuit Judge. The defendant was convicted and sentenced for carrying on the business of a retail liquor dealer without having paid the special tax provided by law. Three errors are assigned:

1. The introduction in evidence of the Meeks subpœna. This point is not worthy of discussion. The subpœna and return tended to show, if anything, what defendant claimed; that is, that Meeks was a myth.

2. The refusal of the court to allow John Adams to be sworn as a witness in his wife's behalf. This was not error. Johnson v. United States, 221 Fed. 250, 137 C. C. A. 106; Stein v. Bowman, 13 Pet. 209, 10 L. Ed. 129; Bassett v. United States, 137 U. S. 496, 11 Sup. Ct. 165, 34 L. Ed. 762; Hopkins v. Grimshaw, 165 U. S. 342, 17 Sup. Ct. 401, 41 L. Ed. 739.

The amendment of Rev. St. U. S. § 858, by Act June 29, 1906, c. 3608, 34 Stat. 618 (section 1464, U. S. Comp. St.), applies to civil cases only. Hendrix v. United States, 219 U. S. 79–85, 31 Sup. Ct. 193, 55 L. Ed. 102. Counsel for defendant thinks it is time the above-mentioned rule of the common law was changed, and cites Rosen v. United States, 245 U. S. 467, 38 Sup. Ct. 148, 62 L. Ed. 406.

The Supreme Court can overrule its own decisions, but until overruled they are binding on us. In Benson v. United States, 146 U. S. 325, 13 Sup. Ct. 60, 36 L. Ed. 991, the prosecution called the wife, and the defendant did not object; held, there was no error. But in Stein v. Bowman, supra, the court decided that the rule that husband

⬰For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

and wife cannot be a witness for or against the other did not establish a privilege which may be waived by either. We think the record in the present case must be regarded as if the United States objected. When the husband was called, counsel stated that he assumed there would be objection, and the court then ruled without a formal objection by the United States; but the court and counsel treated the matter as if the United States had objected. We think we should do the same. Of course, the wife waived the objection, if it was a privilege that could be waived; but the United States did not. The rule under discussion is founded partly on public policy. 1 Greenleaf on Evidence, § 332.

3. There was no error in refusing to charge as requested in relation to decoy evidence. Rosen v. United States, 161 U. S. 29, 16 Sup. Ct. 434, 480, 40 L. Ed. 606; Grimm v. United States, 156 U. S. 611, 15 Sup. Ct. 470, 39 L. Ed. 550; Montgomery v. United States, 162 U. S. 410, 16 Sup. Ct. 797, 40 L. Ed. 1020; Scott v. United States, 172 U. S. 343, 19 Sup. Ct. 209, 43 L. Ed. 471; 25 L. R. A. 341, note.

Judgment affirmed.

STONE, Circuit Judge. I am compelled to dissent, because I believe error was committed in the exclusion of the husband, who was offered as a witness. The wise public policy, which forbids a husband or wife to testify as to confidential communications, is intended, by preserving such confidences from disclosure, to preserve unshattered the sacredness and integrity of the marriage relation, which is so vital to the stability of our civilization. The thought is that married people should be made safe in their communications to each other by the assurance that neither will be permitted to violate such confidences. It is essentially and solely for the benefit of the parties involved, and serves no further useful purpose.

Where both husband and wife voluntarily waive this confidence and desire the disclosure, not only does the sole basis of the rule, and therefore the rule itself, vanish, but there comes into force the cardinal consideration of presenting to the jury all possible information bearing upon the issues in the case. It may be entirely proper to hold that the preservation of the close marriage relation by strict protection of its confidences is more important than the procurement of conviction by evidence obtained through the rupture of that confidence, so basic in our civilization. I cannot conclude that such a purpose is consummated by closing mouths which both husband and wife wish opened to prove lack of criminality by either. Is the marriage relation or is society benefited by preventing a husband or wife from thus coming to the aid of the other in a time of dire need, and to promote justice?