### SMITH v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 20, 1923.)

No. 3937.

1. **Post office** &roturn;48(5)—**Indictment for embezzlement from mails held sufficient; "or;" "and."**

An indictment charging that a railway mail clerk did embezzle, secrete, and destroy a letter and its contents, with intent to defraud, and also with intent to convert the money therein to his own use and benefit, contrary to Criminal Code, § 194 (Comp. St. § 10364), was not demurrable, since the conjunction "and" in the indictment took the place of "or" in the statute, it was not necessary to prove all of the acts denounced by the statute, and the indictment was therefore consistent with the idea that defendant did not destroy the money, but embezzled it and afterwards converted it to his own use.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, And; Or.]

2. **Criminal law** &roturn;113—**Railway mail clerk may be prosecuted in district in which he had stolen money in his possession.**

The offense of theft or embezzlement by a railway mail clerk from the mails is a continuing offense, so that he can be prosecuted in a district in which he was found to have had the letter and its contents, which he had taken from the mails, in his possession, under Judicial Code, § 42 (Comp. St. § 1024), regardless of where he abstracted the letter from the mail.

3. **Post office** &roturn;42—**Taking money from decoy letter is an offense.**

It is no defense to a prosecution of a railway mail clerk for taking a letter containing money from the mails that the letter so taken was a decoy letter.

4. **Criminal law** &roturn;814(16)—**Instruction to ignore confession, unless voluntary, held unnecessary.**

Where there was no showing that the confession made by defendant was involuntary, or made on threat or compulsion, it was properly admitted in evidence, and it was not error to refuse to charge the jury to

---

ignore the confession, unless it believed defendant had been advised of his rights and privileges.

**5. Criminal law ⊚⟶827—Request for proper charge on issue is insufficient.**

When a defendant is not satisfied with the charge which the court gives, it is incumbent on him to make a request for such instructions as he desires, and he cannot assign error on the refusal of a request merely for a proper charge on an issue.

**6. Criminal law ⊚⟶1134(3)—Errors affecting other counts immaterial where sentence is sustainable under valid count.**

Where defendant was indicted and convicted on several counts, but the sentence imposed was sustainable under one count, which was not subject to demurrer, it is unnecessary to consider rulings on demurrers to the other counts.

In Error to the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

Nicholas A. Smith was convicted of stealing or embezzling mail matter, and he brings error. Affirmed.

Jed C. Adams and W. B. Harrell, both of Dallas, Tex., for plaintiff in error.

Henry Zweifel, U. S. Atty., of Fort Worth, Tex. (Grady Niblo, Asst. U. S. Atty., of Dallas, Tex., and H. L. Arterberry, Asst. U. S. Atty., of Fort Worth, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. The defendant, Nicholas A. Smith, was convicted on the seventh and three other counts of an indictment based upon section 194 of the Criminal Code (Comp. St. § 10364). The seventh count charges that the defendant was a clerk in the railway mail service between Paris and Cleburne, Tex.; that the route upon which he was engaged extended through Dallas county, Tex.; that there came into his possession as such clerk a certain letter, which contained $4 in United States currency, addressed to a named person at San Antonio, Tex.; and that defendant in said Dallas county did "embezzle, secrete, and destroy" the letter and its contents, with intent to defraud, and also with intent to convert the money to his own use and benefit. The three other counts upon which defendant was convicted relate to similar offenses alleged to have been committed at the same time. The punishment imposed was imprisonment for three years.

A demurrer was interposed to the seventh count upon the grounds that it was uncertain and inconsistent.

The evidence for the government shows the following state of facts: Two post office inspectors deposited several decoy letters in a mail car at Antlers, Okla. The letters were in their proper pigeon holes in the car when it was taken charge of by the defendant at Paris, on his regular run from that place to Cleburne. After the mail car reached Dallas, these inspectors upon investigation found that the decoy letters were missing out of the mail, and they thereupon accused the defendant of having taken them. The defendant denied any knowledge of the letters or the money contained in them, but later on the inspectors found the money concealed in a stovepipe in the mail car, and thereupon the defendant confessed that he had taken the letters and destroyed them

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and kept the money, and also signed a written statement to that effect. The defendant did not offer any evidence.

Defendant objected to the evidence as to his confession and statement, on the ground that they were not shown to have been voluntarily made, or that defendant had been warned that they might be used against him. But the court overruled the objection. At the conclusion of the evidence, the court denied defendant's motion to direct a verdict in his favor upon the grounds that the evidence failed to show venue as laid, and that the letters embezzled were decoy letters. The court also refused defendant's requests to instruct the jury to disregard the evidence as to the confession, if they believed defendant had not been advised of his rights and privileges, and to give a "proper charge" on circumstantial evidence. Each of the foregoing rulings is assigned as error.

[1] The demurrer was properly overruled. The conjunction "and" in the indictment takes the place of "or" in the statute. It was not necessary to prove all of the acts denounced by the statute; proof of any one of them was sufficient. 1 Bishop's New Criminal Procedure, § 586. That being true, the indictment is consistent with the idea that the defendant did not destroy the money, but embezzled it and afterwards converted it to his own use.

[2, 3] The defendant was charged with a continuing offense. It makes no difference in what district he abstracted the letter from the mail. He had the money which he had taken out of the letter in his possession at Dallas where the trial was had, and that fact was sufficient to give the trial court jurisdiction under section 42 of the Judicial Code (Comp. St. § 1024). Armour Packing Co. v. United States, 209 U. S. 56, 73, 28 Sup. Ct. 428, 52 L. Ed. 681. It is immaterial that letters taken by the defendant were decoy letters. Grimm v. United States, 156 U. S. 604, 15 Sup. Ct. 470, 39 L. Ed. 550; Goode v. United States, 159 U. S. 663, 16 Sup. Ct. 136, 40 L. Ed. 297; Montgomery v. United States, 162 U. S. 410, 16 Sup. Ct. 797, 40 L. Ed. 1020; Scott v. United States, 172 U. S. 343, 19 Sup. Ct. 209, 43 L. Ed. 471. It follows that it was not error to deny defendant's motion for an instructed verdict.

[4] The confession made by defendant is not shown to have been involuntary, or to have been made upon threat or compulsion. It was therefore properly admitted in evidence, and the court did not err in refusing to charge the jury to ignore the confession, unless it believed defendant had been advised of his rights and privileges. Wilson v. United States, 162 U. S. 613, 16 Sup. Ct. 895, 40 L. Ed. 1090.

[5] Whenever a defendant is not satisfied with the charge which the court gives, it is incumbent upon him to make a request for such instructions as he desires, and he cannot assign error upon a mere request for a "proper charge" upon a proposition of fact or law, even though it may be relevant or material.

[6] There were several other counts upon which the defendant was convicted, and to which a demurrer was interposed; but it is unnecessary to consider them, inasmuch as the sentence is less than could have been imposed under the seventh count of the indictment, which we have held was not subject to the demurrer.

The judgment is affirmed.