## SARKISIAN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. December 9, 1924.)

Nos. 6511, 6512, 6582, 6583.

1. **Criminal law ⬅1048, 1086(14)—Unless substantial rights are manifestly affected, appellate court will not consider errors assigned, but not excepted to, or exceptions not shown in record.**

Unless it manifestly appears from the record that substantial rights are affected, the Circuit Court of Appeals will not consider errors assigned, which were not presented to the trial court by exceptions properly preserved in the record.

2. **Criminal law ⬅670—Exclusion of evidence, not shown by offer to be relevant or material, not error.**

It was not error to refuse to permit a defendant to testify to alleged conversations, in the absence of any offer of proof to indicate the nature of the conversations, and therefore their relevancy or materiality.

In Error to the District Court of the United States for the District of Colorado.

Criminal prosecutions by the United States against T. Sarkisian. Two cases consolidated for trial. Judgment of conviction in each case, and defendant brings error. Affirmed.

Thomas Ward, Jr., of Denver, Colo., for plaintiff in error.

Clarence L. Ireland, Asst. U. S. Atty., of Denver, Colo. (George Stephan, U. S. Atty., of Denver, Colo., on the brief), for the United States.

Before STONE, Circuit Judge, and MUNGER and MILLER, District Judges.

MILLER, District Judge. T. Sarkisian, a practicing physician at Denver, Colo., for 18 years, a graduate of Rush Medical College at Chicago, Ill., with postgraduate work in Vienna, Berlin, Paris, and London, was indicted in April, 1922, under nine counts charging violation of the Harrison Anti-Narcotic Law (Comp. St. §§ 6287g–6287q), and again in June, 1923, under two counts charging violation of the same law.

Pleas of not guilty were entered on both indictments. On July 12, 1923, both cases were consolidated by order of the court and trial proceeded before a judge and jury.

On July 16th the jury returned verdicts of guilty on each count of both indictments, on which the trial judge sentenced the defendant under the last-mentioned indictment to one year and six months in the federal penitentiary on each of the two counts, such sentences to run concurrently, and on the first-mentioned indictment defendant was sentenced to serve a term of three years in the federal penitentiary at Ft. Leavenworth on each count thereof, said sentences to run concurrently, and beginning on the expiration of the sentence under the second indictment.

No exceptions were saved during the trial to rulings of the court either on the admission or exclusion of evidence, or to any instruction given by the court. Nevertheless defendant now asks this court to consider errors now assigned, to wit: (1) That the lower court erred in refusing to permit the defendant to testify regarding two alleged conversations, one between him and H. V. Williamson and one between him and Dr. J. N. Chipley, both government narcotic agents at Denver. No offer of proof was made as to what such conversations were, or any exception saved to the ruling of the court. (2) That the lower court erred in the giving of certain instructions; (3) in receiving and entering the verdict of the jury; and (4) in passing sentence upon the defendant.

[1] Unless it manifestly appears from the record that substantial rights are affected, this court will not consider errors assigned which were not presented to the trial court by exceptions properly preserved in the record. Highway Trailer Co. v. City of Des Moines (C. C. A.) 298 F. 71; Thompson-Caldwell Const. Co. v. Young (C. C. A.) 294 F. 145. Possible prejudice is not sufficient to invoke the exception to this salutary rule. Sebastian Bridge Dist. v. Missouri

Pacific Railway Co. (C. C. A.) 292 F. 345. It is not claimed that the evidence in this case does not sustain the verdicts of the jury. We have read the record, and we are convinced that defendant's guilt was proved beyond a reasonable doubt.

[2] There was no error in the court's refusal to permit defendant to testify regarding the alleged conversations between Narcotic Agents Williamson and Chipley and himself. No offer of proof being made to indicate the nature of, and therefore the relevancy or materiality of, such conversations, and no questions having been asked that might have permitted of an answer favorable to the defendant, no reviewable question is presented. Buckstaff v. Russell, 151 U. S. 626, 14 S. Ct. 448, 38 L. Ed. 292; Stanley v. Beckham, 153 F. 152, 82 C. C. A. 304; Harris v. Brown, 187 F. 6, 109 C. C. A. 60; Cleveland & Western Coal Co. v. Main Island Creek Coal Co. (C. C. A.) 297 F. 60.

The record in this case shows that two separate writs of error were taken by the defendant in the cases heretofore mentioned in this opinion, but all involve the same facts and the same questions of law. The writs numbered 6511 and 6512 are therefore hereby dismissed. Nos. 6582 and 6583 are affirmed.