## KELLEY v. UNITED STATES.
### No. 11557.

Circuit Court of Appeals, Ninth Circuit.
Feb. 25, 1948.

Gladys Towles Root, of Los Angeles, Cal., for appellant.

James M. Carter, U. S. Atty., and Ernest A. Tolin, William Strong, and Paul Fitting, Asst. U. S. Atty., all of Los Angeles, Cal., for appellee.

Before GARRECHT, DENMAN, and BONE, Circuit Judges.

BONE, Circuit Judge.

Appellant, a custodial laborer employed by the United States in the United States Post Office at Los Angeles, California, was indicted for two violations of 18 U.S.C.A. § 318, which statute provides as follows:

"Whoever, being a postmaster or other person employed in any department of the Postal Service, shall unlawfully detain, delay, or open any letter, postal card, package, bag·or mail intrusted to him or which shall come into his possession, and which was intended to be conveyed by mail, or carried or delivered by any carrier, messenger, agent, or other person employed in any department of the Postal Service, or for-warded through or delivered from any post office or station thereof established by authority of the Postmaster General; or shall secrete, embezzle, or destroy any such letter, postal card, package, bag, or mail; or shall steal, abstract, or remove from any such letter, package, bag, or mail, any article or thing contained therein, shall be fined not more than $500, or imprisoned not more than five years, or both."

From the evidence it appears that mail packages had been disappearing from the area of the post office in which appellant worked and that appellant was under suspicion. Two packages were prepared by postal inspectors as decoys. Cancelled postage stamps and the names and addresses of living persons as senders and addressees were placed on both of these packages. Before appellant reported for work on December 21, 1946, the packages were deposited at two places in the post office where mail was handled and where appellant would pass in the course of his janitorial duties. A postal inspector kept watch from a gallery and observed appellant pick up one of the prepared packages, throw it onto his pile of sweepings, cover it with waste paper and sweep it away. Shortly thereafter postal authorities examined the trash hamper in which appellant had been gathering his sweepings and

found it to contain both of the decoy packages. One package was intact and the other had been unwrapped.

Count one of the indictment charged that appellant "did secrete and embezzle a package which came into his possession as said custodial laborer, and which was intended to be conveyed by mail, addressed to Mrs. E. Johnson, 1706 South Hoover, Los Angeles, California." Count two charged that appellant "did unlawfully detain, delay, and open a package which came into his possession as said custodial laborer, and which was intended to be conveyed by mail, addressed to Mrs. A. S. Cluff, 2026 South Burnside, Los Angeles, California."

Appellant pleaded not guilty, waived trial by jury and was found guilty by the court on both counts.

■ Appellant's principal contention on appeal is that the evidence failed to show that the packages were "intended to be conveyed by mail," within the meaning of the statute.

The evidence established that the packages were prepared by postal inspectors and addressed to living persons at actual addresses. The evidence tended to show that the packages contained Christmas gifts for acquaintances of one of the inspectors. It was testified by an inspector that although the object in preparing and setting out the packages was to apprehend whoever was stealing the mail, there was also a purpose for the packages, if they were not stolen, to reach the addressees; the packages would have been delivered if not unlawfully diverted. This evidence, which was not controverted, appears to us to satisfy the language of the statute.

The cases are too numerous to warrant citation which have held that criminal prosecutions under this statute [1] may be based on the abstraction of decoy letters mailed by post office inspectors. It has specifically been held that a decoy letter is intended to be conveyed by mail, within the meaning of the statute, though the ad-

dressee is fictitious and though the postal authorities intend to intercept the letter. Montgomery v. United States, 162 U.S. 410, 16 S.Ct. 797, 40 L.Ed. 1020; Scott v. United States, 172 U.S. 343, 19 S.Ct. 209, 43 L.Ed. 471; McShann v. United States 8 Cir., 231 F. 923. This court has addressed the subject heretofore: "The intent to have the letter conveyed by mail is none the less effective because the addressee and the purported point of origin are fictitious." Jarrett v. United States, 9 Cir., 92 F.2d 698, 699. A fortiori in the case at bar, where the addressees were bona fide and there was no evidence of plan to withdraw the packages from the mail, the intent to have the packages conveyed by mail was clearly present.

The sole authority cited by appellant as support for his contention in this regard is United States v. Matthews, C.C.Md., 35 F. 890, 1 L.R.A. 104. That case appears to take a view of the law contrary to that expressed in subsequent decisions of the Supreme Court, above cited. Furthermore, the holding of the Matthews case was that the question of whether the letter was intended to be conveyed by mail should have been submitted to the jury for determination—this problem is not present in the instant case since appellant was tried without a jury.

■ Appellant attempts to spell out a lack of intent that the packages be conveyed by mail from the fact that cancelled stamps were placed on them by the postal inspectors. This fact does not compel that inference. See: Goode v. United States, 159 U.S. 663, 16 S.Ct. 136, 40 L.Ed. 297; Jarrett v. United States, supra.

We conclude that there is ample evidence that the packages involved were intended to be conveyed by mail within the meaning of 18 U.S.C.A. § 318.

■ Appellant next asserts that the evidence failed to show that he secreted or embezzled, or that he unlawfully detained or delayed the decoy packages. This as-

---

[1] 18 U.S.C.A. § 318, with violation of which appellant is charged, was drawn from three prior statutes: Rev.St. §§ 3890, 3891, and § 5467. Most of the earlier cases hereinafter cited in this opinion were decided under Rev.St. § 5467, Act June 8, 1872, c. 335, 17 Stat. 318, which was substantially re-enacted in the presently effective statute.

sertion is predicated on the theory that appellant's throwing the packages into his trash collection did not remove them from the mail or from the custody of the post office. It was shown that the refuse collected by custodial laborers customarily went to the post office basement where it was sorted through before disposal to discover any mail mixed with it. However, the existence of this procedure made appellant's deliberate diversion of the packages no less unlawful. From the evidence it is clear that appellant took the packages into his possession when he unlawfully removed and concealed them: the crime was then completed.

The logical conclusion to be drawn from the facts is that appellant planned to extract the packages from the trash before relinquishing it in the basement for screening and disposal. He in fact succeeded in furtively unwrapping one package before being accosted by the authorities. The principle has long obtained that a letter or package need not be removed from the post office building to consummate the offense of stealing from the mail. United States v. Marselis, C.C.N.Y., Fed.Cas.No. 15,724; United States v. Nott, C.C.Ohio, Fed.Cas.No.15,900; Ex parte Peters, C.C., 12 F. 461, 465.

Appellant's final contention is that the indictment was insufficient in the following particulars. (1) The indictment did not allege the sender of the packages or that he intended them to be conveyed by mail. Each count charged that the package "was intended to be conveyed by mail"—the language of the statute—to the named addressee. This was sufficient. As has been indicated hereinbefore, this crime may be committed though the sender and addressee of the decoy package are fictitious; it would be an absurdity to require the identification of a fiction or reference to a fiction's "intent". (2) The indictment did not allege the owner of the package. The packages were described as directed to persons other than appellant, and an averment as to ownership was unnecessary. United States v. Laws, D.C.Mass., Fed.Cas. No.15,579; United States v. Okie, C.C.N. Y., Fed.Cas.No.15,916; Walster v. United States, C.C.N.Y., 42 F. 891, 893. (3) Count one of the indictment did not allege that the taking was with felonious intent. The allegation used the language of the statute—that appellant did "secrete and embezzle"—and was in this respect sufficient. United States v. Atkinson, D.C. Mich., 34 F. 316. See also: United States v. Falkenhainer, C.C.Mo., 21 F. 624, 627; United States v. Trosper, D.C.Cal., 127 F. 476.

The indictment was sufficient and the conviction was fully supported by the evidence.

Affirmed.