**UNITED STATES of America**

v.

**Howard R. GOLDSMITH.**

**Crim. No. 22799.**

United States District Court
E. D. Pennsylvania.

Oct. 12, 1967.

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., Austin Hogan, Asst. U. S. Atty., for plaintiff.

Anthony J. Caiazzo, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER SUR DEFENDANT'S MOTION FOR NEW TRIAL OR IN ARREST OF JUDGMENT

JOHN MORGAN DAVIS, District Judge.

The defendant was an employee of the Post Office, working in the parcel post rewrap section. He was observed by postal inspectors removing the original address label from a parcel addressed to the Sears, Roebuck Company in Philadelphia, and substituting therefor a label which contained the name and address of an individual.

The defendant was then apprehended by the postal inspector who handed him a mimeographed form setting forth his

Constitutional rights. The defendant read the form, stated that he understood its significance, and signed a waiver of those rights. He then admitted re-addressing the package as related above.

Subsequently, the defendant was tried before this Court sitting without a jury, and found guilty of embezzlement.

The defendant contends now that the act of embezzlement was not completed by merely removing the name of the addressee from a parcel and substituting the name of another addressee. Since the parcel never left the Post Office, it is contended that a requisite element of conversion was not accomplished.

 We agree that conversion must be effected in order to complete the crime of embezzlement.[1] But this element was present once the true owner was effectively deprived of any semblance of ownership.

 In Morissette v. United States, 342 U.S. 246, 271, 72 S.Ct. 240, 254, 96 L.Ed. 288 (1951), the scope of conversion was defined as follows:

Conversion, however, may be consummated without any intent to keep and without any wrongful taking, where the initial possession by the converter was entirely lawful. Conversion may include misuse or abuse of property. It may reach use in an unauthorized manner or to an unauthorized extent of property placed in one's custody for limited use.

Substituting another address label after deliberately removing and discarding the original, while knowing with reasonable certainty that delivery to the new addressee was an inevitable consequence was sufficient to constitute conversion under the definition laid down in Morissette.[2]

In Kelley v. United States, 166 F.2d 343 (9th Cir. 1948), a postal employee removed parcels from their rightful location, and placed them in a trash receptacle, but still within the post office itself. The defendant's assertion that embezzlement was not established by his action was answered by the Court, as follows:

From the evidence it is clear that appellant took the package into his possession when he unlawfully removed and concealed them; the crime was then completed.[3]

Similarly, once the defendant effectively deprived the rightful owner of possession by substituting the unauthorized label, the conversion was complete.

 It is further contended that the Court erred in receiving the defendant's alleged confession. Two grounds for error are raised. First, that the warnings actually given by the postal inspector were insufficient. But the defendant has failed to demonstrate precisely how they were deficient. Nor has it been shown that the defendant failed to fully understand the nature and significance of his acknowledgment by signature that they were fully

---

1. Embezzlement is the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come. Moore v. United States, 160 U.S. 268, 269, 16 S.Ct. 294, 40 L.Ed. 422 (1895).

2. In Morisette, the court was construing 18 U.S.C. § 641, which reads, in relevant part: "Whoever embezzles, steals, purloins or knowingly converts to his use or the use of another, or without authority sells, conveys or disposes of any * * * thing of value of the United States * * * shall be fined * * * or imprisoned * * * *"

3. 166 F.2d 343, 346. This prosecution was brought by the United States under 18 U.S.C. § 318, which provides in relevant part: "Whoever, being a postmaster or other person employed in any department of the postal service * * * shall secrete, embezzle, or destroy any such letter, postal card, package * * * shall be fined * * * or imprisoned.

In the instant case, the defendant Goldsmith was indicted under 18 U.S.C. § 1709, the successor statute to 18 U.S.C. § 318 and identical as to the crime of embezzlement.

comprehended. The warnings which are now required prior to interrogation by virtue of the *Miranda* decision appear to have been given by the postal authorities in a most adequate manner.[4]

■ Finally, it is alleged that the court further erred in receiving the defendant's statement because the United States had failed to first establish the corpus delicti of the crime of embezzlement. To substantiate this position, an authority has been cited, as follows:

> As a general rule, the confessions or admissions of an accused cannot be received in evidence prior to the prosecution's meeting its burden of establishing the corpus delicti.[5]

But in the same article, the author continues:

> Since the order of the reception of evidence in a criminal trial is within the sound discretion of the trial court, a confession or admission can be used to establish the corpus delicti if the trial court is of the opinion that to permit its introduction as part of the corpus delicti is not prejudicial to the defendant, and that there is no doubt as to the manner or cause of the injury to the victim.[6]

Following the authority included above, the Court does not perceive how any prejudice could result by the initial introduction of the defendant's statement.

Consequently, the Defendant's motion for an arrest of judgment, or in the alternative, for a new trial, is denied. It is so ordered.

---

4. "As for the procedural safeguards to be employed, unless other fully effective means are devised to inform accused persons of their right of silence and to assure a continuous opportunity to exercise it, the following measures are required. Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has the right to the presence of an attorney either retained or appointed. The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently." Miranda v. State of Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

5. Veldorale, The Principle of Corpus Delicti and The Evidence Pertaining Thereto, 39 Temple L.Q. p. 1, 23 (1966),

6. Par.D. Extrajudicial confessions and admissions, supra p. 27.