UNITED STATES of America,
Plaintiff-Appellee,

v.

Beverly R. KENT, Defendant-Appellant.

No. 71-1294

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1971.

Rehearing Denied Nov. 19, 1971.

J. Edwin Fleming, Dallas, Tex., court-appointed, for defendant-appellant.

Eldon B. Mahon, U. S. Atty., Charles D. Cabaniss, Andrew Barr, Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

Kent was convicted on one count of theft of mail matter, 18 U.S.C.A. § 1709.[1] The principal issue raised on appeal is whether a decoy letter and money pilfered from it was "intended to be conveyed by mail" as required by the statute. We affirm.

Kent was employed as a dead letter clerk in the United States Post Office at the time of the peculation. A decoy letter with only the name "George" on the envelope was placed in a tray facing her at a work table. Inside the envelope was a short note and $7.00 in currency. The bills were marked with an invisible powder that could be seen under an ultra

---

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. 18 U.S.C.A. § 1709. Theft of mail matter by postmaster or employee

Whoever, being a postmaster or Postal Service employee, embezzles any letter, * * * or mail or any article or thing contained therein intrusted to him or which comes into his possession intended to be conveyed by mail, * * * or forwarded through or delivered from any post office or station thereof established by the authority of the Postmaster General; or steals, abstracts, or removes from any such letter, package, bag, or mail, any article or thing contained therein, shall be fined not more than $2,000 or imprisoned not more than five years, or both.

violet light. Shortly after one of the supervisors informed the postal inspectors that the "George" letter had not been turned in as required, Kent was apprehended as she left the post office. The purloined bills were found in her shoe wrapped in tissue.

Kent argues that "intended to be conveyed by mail" means that the letter or object must enter the postal system by one of the usual and ordinary methods for the receipt of mail. Relying upon United States v. Rapp, Cir.Ct.N.D.Ga. 1887, 30 F. 818 and United States v. Matthews, Cir.Ct.D.Md. 1888, 35 F. 890, Kent points out that the decoy letter was neither deposited nor intended to go anywhere in the mail. *Rapp* held that because a dead letter decoy was not received in the normal manner and was not intended to be delivered to anyone it was not intended to be conveyed by mail. *Matthews* reversed a conviction because the charge given did not take into consideration evidence that the letter was not intended to be conveyed by mail because the Government expected to intercept the letters before they could be delivered to the addresses.

On the other hand in Scott v. United States, 1899, 172 U.S. 343, 19 S.Ct. 209, 43 L.Ed. 471, also venerable in its own right, a decoy letter that was intended to be withdrawn from the mails before it reached the addressee was held to be "intended to be conveyed by mail." *See also* Goode v. United States, 1895, 159 U.S. 663, 16 S.Ct. 136, 40 L.Ed. 297 and Hall v. United States, 1898, 168 U.S. 632, 18 S.Ct. 237, 42 L.Ed. 607,[2] in which decoy letters did not enter the post office in the usual way (having been placed where the defendants were likely to have access to them) but were, nevertheless, considered mail and within the purview of the statute.

There can be no doubt that letters "intended to be conveyed by mail" include decoy letters to fictitious addressees placed in the postal process without having been deposited in the usual manner. *See* Kelley v. United States, 9 Cir. 1937, 166 F.2d 343; Smith v. United States, 5 Cir. 1923, 288 F. 44. United States v. Lucarz, 9 Cir. 1970, 430 F.2d 1051 relied upon by Kent is not to the contrary. Money stolen from a pouch transferred from one post office to another which contained the proceeds from stamp sales was held covered by the provision "intended to be conveyed by mail." We entertain no doubt that the phrase "intended to be conveyed by mail" includes all matter placed in any part of the mail handling process. Jarrett v. United States, 9 Cir. 1937, 92 F.2d 698. "The difficulties of detecting this kind of crime are very great, and the statute ought not to be so construed as to substantially prevent a conviction under it." Scott v. United States, *supra*, 172 U.S. at 351, 19 S.Ct. at 212.

In a related issue Kent asserts that the trial court erred in not giving a requested instruction that:

> \* \* \* to be "intended to be conveyed by mail," as that phrase is used in the indictment and this charge, such letter must have gotten into the mail in some of the ordinary ways provided by the postal authorities and have become fairly and reasonably part of the mail matter under the control of the postal authorities.

This charge incorrectly states the law. It was not error for the court to refuse

---

2. Although the element "intended to be conveyed by mail" was not a part of either case, they were both concerned with the thefts of mail. *Goode* dealt with Rev.Stat. § 5469 which required a letter to be deposited in any mail or post office, branch post office, or other authorized depository for mail matter. *Hall* involved the second portion of Rev. Stat. § 5467 which proscribed the taking of items out of letters which shall have come into the employee's possession either in the regular course of his official duties or in any other manner whatever. While the court was not called upon to determine whether the decoy letters were "intended to be conveyed by mail," the cases nevertheless hold that, in order to be classified as mail, a letter does not have to enter the postal process in one of the customary ways.

it. *See* United States v. Leach, 1 Cir. 1970, 427 F.2d 1107, 1112–1113 cert. denied, 400 U.S. 829, 91 S.Ct. 95, 27 L.Ed. 2d 59; Popeko v. United States, 5 Cir. 1961, 294 F.2d 168, 170, cert. denied 374 U.S. 835, 83 S.Ct. 1883, 10 L.Ed.2d 1056; Cain v. United States, 5 Cir. 1960, 274 F.2d 598, 601, cert. denied 362 U.S. 952, 80 S.Ct. 864, 4 L.Ed.2d 869. While the court might well have elaborated on the phrase "intended to be conveyed by mail," the charge was clear and contained all of the elements of the offense. The jury was neither confused nor misled. *Cf.* Smith v. United States, 5 Cir. 1960, 284 F.2d 789, 791.

We have considered the other errors raised by Kent and find them to be without merit.

The judgment of the district court is Affirmed.