**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Fred Carl FISHER, Defendant-Appellant.**

**No. 72-1578.**

United States Court of Appeals,
Ninth Circuit.

Aug. 1, 1972.

---

Morton L. Shatzkin, Studio City, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Eric A. Nobles, David H. Fox, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, MERRILL and TRASK, Circuit Judges.

PER CURIAM:

This appeal is one from a conviction after court trial for theft of United States mail on December 2, 1970. The statute charged to have been violated was 18 U.S.C. § 1708.[1]

A postal inspector placed a letter which had been properly stamped and addressed and contained five silver coins, on the floor of the United States Post Office Station about 5:00 a.m. The word "refused" had been written across the face of the envelope. The envelope was in the area where the postal clerks worked and not in the public portion of the office. About an hour and a half later the defendant, a custodian at the station found the letter, nudged it with his foot, picked it up and held it to the light, squeezed it and laid it on a counter. He returned a short time later and opened the letter, removed the coins which he put in his pocket and put the envelope in a trash container. At that time the postal inspector who had had Fisher under direct observation arrested him and recovered the coins.

The single issue raised on this appeal is whether the decoy letter which the defendant opened was "mail" within the meaning of 18 U.S.C. § 1708. We hold that it was.

In Kelley v. United States, 166 F.2d 343 (9th Cir. 1948), this court held that a test package prepared by postal inspectors and left where a postal employee could find it in the course of his duties, was "mail." We said there,

"The cases are too numerous to warrant citation which have held that criminal prosecutions under this statute may be based on the abstraction of decoy letters mailed by post office inspectors. It has specifically been held that a decoy letter is intended to be conveyed by mail, within the meaning of the statute, though the addressee is fictitious and though the postal authorities intend to intercept the letter." 166 F.2d at 345 (footnote omitted).

See, e. g., United States v. Collins, 349 F.2d 863, 866 (2nd Cir. 1965), cert. denied, 383 U.S. 960, 86 S.Ct. 1228, 16 L.Ed.2d 303, rehearing denied, 384 U.S. 947, 86 S.Ct. 1469, 16 L.Ed.2d 545 (1966); Formhals v. United States, 278 F.2d 43, 46 (9th Cir. 1960); Jarrett v. United States, 92 F.2d 698, 699 (9th Cir. 1937).

Appellant contends that because this letter was not posted in a mail chute or other receptacle for mailing it cannot constitute "mail" within the statute. We disagree. The letter had proper postage stamped on it, was addressed and sealed and was within the area of an official station where mail is being processed. Under the statute and the case it was "mail."

Judgment affirmed.

---

1. "§ 1708. Theft or receipt of stolen mail matter generally

"Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter, package, bag, or mail, any article or thing contained therein, or secretes, embezzles, or destroys any such letter, postal card, package, bag, or mail, or any article or thing contained therein; . . . ."