**UNITED STATES of America,**
**Appellee,**

v.

**Harry HERGENRADER, Appellant.**

**No. 75–1642.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 9, 1975.

Decided Jan. 8, 1976.

Rehearing Denied Feb. 19, 1976.

John R. Doyle, Lincoln, Neb., for appellant.

Jeffrey A. Bogue, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before ROSS, STEPHENSON and WEBSTER, Circuit Judges.

STEPHENSON, Circuit Judge.

Appellant Hergenrader was convicted by a jury verdict of guilt[1] on one count of theft of mail matter, 18 U.S.C. § 1709.[2] The sole issue raised on this appeal is whether there was sufficient evidence to support a jury finding that a decoy letter, which was the subject of the indictment and conviction, was intended to be conveyed by mail within the meaning of 18 U.S.C. § 1709. We affirm.

Appellant was employed as a laborer-custodian for the United States Postal Service at the main branch post office in Lincoln, Nebraska, at the time of his arrest for mail theft. One of his assignments was to sweep the floor and remove the trash in the room where mail was sorted for distribution, known as the "work room."

On December 9, 1974, Postal Inspector Tangney began observing the defendant at work from behind a number of two-way mirrors located in concealed galleries throughout the post office. Tangney observed that the appellant was removing articles from waste receptacles located in the "trash room," a room adjacent to the work room in which refuse was stored until it was carried away by garbage collection contractors.

Tangney prepared a test or decoy letter for the purpose of testing the appellant. The envelope, which contained a greeting card and six one-dollar bills, was stamped and addressed to a fictitious addressee and contained a valid return address. On December 12, 1974, a postal foreman placed the decoy letter in a wastebasket on the post office work room floor located in appellant's area of responsibility. Later that day the appellant dumped the contents of the wastebasket including the decoy letter into a wheeled container which he pushed into the "trash room." While inside the "trash room" the appellant opened the letter, took the bills contained inside, and put the bills into his pocket. After the trash was disposed of, the defendant moved into the work room and transferred the bills from his pocket to his wallet. The above incident had been observed by Postal Inspector Smith. He and Inspector Tangney then placed the appellant under arrest.

The appellant acknowledges that the fact that the letter was a decoy containing money, addressed to a fictitious person, and prepared for the purpose of discovering the illegal acts of the appellant is no defense to the crime with which he was charged. In *Scott v. United States*, 172 U.S. 343, 19 S.Ct. 209, 43 L.Ed. 471 (1899), the United States Supreme Court held that such a letter is to be treated as a real letter, "intended to

---

1. The Honorable Warren K. Urbom, Judge, United States District Court for the District of Nebraska, presiding. Appellant received a one year sentence suspended except for five days, two years probation, and a fine of $200 and costs.

2. 18 U.S.C. § 1709. Theft of mail matter by officer or employee.

   Whoever, being a Postal Service officer or employee, embezzles any letter, postal card, package, bag, or mail, or any article or thing contained therein entrusted to him or which comes into his possession intended to be conveyed by mail, or carried or delivered by any carrier, messenger, agent, or other person employed in any department of the Postal Service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General or of the Postal Service; or steals, abstracts, or removes from any such letter, package, bag, or mail, any article or thing contained therein, shall be fined not more than $2,000 or imprisoned not more than five years, or both.

be conveyed by mail," within the meaning of the statute concerning theft of mail matter by Postal Service employees. *See also United States v. Kent*, 449 F.2d 751 (5th Cir. 1971), *cert. denied*, 405 U.S. 994, 92 S.Ct. 1268, 31 L.Ed.2d 462 (1972); *Kelley v. United States*, 166 F.2d 343 (9th Cir. 1948).

The appellant primarily relies on *United States v. Rapp*, 30 F. 818 (C.C.N.D.Ga. 1887), to support his contention that the decoy letter in the present case was not "intended to be conveyed by mail" as is required by the statute. The circuit court in the *Rapp* case, which was prosecuted under Rev.Stat. § 5467, the precursor of 18 U.S.C. § 1709, held that because a dead letter decoy was not received in the mail in the normal manner and was not intended to be delivered to anyone, it was not "intended to be conveyed by mail." That case, however, takes a position contrary to the objective approach expressed in subsequent decisions of the United States Supreme Court. *See Scott v. United States, supra*, 172 U.S. 343, 19 S.Ct. 209, 43 L.Ed. 471 (1899); *Montgomery v. United States*, 162 U.S. 410, 16 S.Ct. 797, 40 L.Ed. 1020 (1895).

■ In applying the objective standard, the court does not look to the intent of the person who prepared the letter but whether a reasonable person who saw the letter would think it was a letter that was intended to be delivered. It is the appearance which it carries to the postal employee which is crucial. "For the purposes of these sections, a letter is a writing or document, which bears the outward semblance of a genuine communication, and comes into the possession of the employé in the regular course of his official business." *Goode v. United States*, 159 U.S. 663, 671, 16 S.Ct. 136, 138, 40 L.Ed. 297 (1895).[3]

■ In the present case the letter had proper postage stamped on it, was addressed and sealed, and was within the area of an official United States Post Office where mail was being processed. On cross-examination the appellant admitted that he had received instructions to turn over to his supervisor first-class mail which he found while working.[4] Regardless of whether the appellant had been apprised of the post office regulation which required him to turn in any mail which he found, common sense dictates that he knew he should do something besides appropriate it for himself. Thus the appellant had a duty to deliver the letter to the proper official, and this duty was not relaxed by the fact that the letter was not what it purported to be. The letter was appropriately addressed and, as far as the appellant knew, it had inadvertently fallen into the wastebasket. It was his duty to treat it for what it appeared to be on its face, a genuine communication obviously intended to be delivered to someone. *Goode v. United States*, 159 U.S. 663, 671, 16 S.Ct. 136, 40 L.Ed. 297 (1895).

"[T]he phrase 'intended to be conveyed by mail' includes all matter placed in any part of the mail handling process." *Kent, supra*, 449 F.2d at 752. A common sense application of the statute is required to protect the integrity of the mail. Here the appellant had a duty to return the letter to the regular channels of mail. While he was under this duty, the letter was being conveyed by mail and was within the zone of operation of the post office where the appellant was employed. Therefore, its safety was provided for by the statute under considera-

---

3. This case was prosecuted under Rev.Stat. § 5469 (the forerunner of 18 U.S.C. § 1708), which included the theft of any mail. While the Court was not called upon to determine whether the decoy letter was "intended to be conveyed by mail," it nevertheless held that, in order to be classified as mail, a letter does not have to enter the postal process in one of the customary ways.

4. On cross-examination of the appellant, the following exchange took place between the prosecuting attorney and the appellant:

Q. It's not part of your job to turn in mail?

A. If you find first-class mail that you think is lost or should be delivered you are supposed to turn it in.

The appellant had earlier admitted that he could usually tell when mail was first-class.

tion. "The difficulties of detecting this kind of crime are very great, and the statute ought not to be so construed as to substantially prevent a conviction under it." *Scott v. United States*, 172 U.S. 343, 351, 19 S.Ct. 209, 212, 43 L.Ed. 471 (1898).[5]

We conclude that there is ample evidence that the letter here involved was "intended to be conveyed by mail" within the meaning of 18 U.S.C. § 1709. Therefore, it was not error for the trial court to have submitted the issue to the jury for their consideration.

Affirmed.

WEBSTER, Circuit Judge (dissenting).

I respectfully dissent. There is no doubt that the evidence revealed a violation of 18 U.S.C. § 1708, which makes it unlawful to take mail matter from a post office or to remove any article or thing from any such mail matter.[1] Appellant was not charged under that section, however; he was charged with theft by a postal employee of mail matter *"intended to be conveyed by mail"* under 18 U.S.C. § 1709. In all of the cases cited in the majority opinion, the decoy mail matter was placed in the normal work flow before being removed therefrom by the postal employee and thus can reasonably be said to have met the statutory requirement of "intended to be conveyed by mail."[2] In this case, the decoy letter was placed in the trash by the postal inspector and was taken from the trash by the appellant, a laborer-custodian.

While appellant violated the work rules and while he violated § 1708, I cannot agree that a decoy letter which never entered the work flow of the post office meets the specific requirements of § 1709. Such a holding extends the plain language of the statute beyond its outer limits. We need not so extend a statute intended solely to protect the integrity of mail as it flows through the normal channels of the post office system, especially since the offense actually committed is chargeable as another federal offense. *See* 18 U.S.C. § 1708.

**5.** If this court were to adopt the appellant's argument that all matter in a wastebasket in the post office work room is outside the scope of the statute, then someone would only have to negligently or intentionally drop mail matter into a wastebasket and anyone would then arguably have a license to take it. This is not the manner in which the mail theft statutes have been construed by the courts. *See United States v. Fisher*, 464 F.2d 581 (9th Cir. 1972) (prosecution under 18 U.S.C. § 1708, where stolen letter had been placed on the floor of the post office).

**1.** *See United States v. Fisher*, 464 F.2d 581 (9th Cir. 1972).

**2.** *See Scott v. United States*, 172 U.S. 343, 19 S.Ct. 209, 43 L.Ed. 471 (1899) (letter taken from street mailbox by letter carrier collecting mail from various mailboxes); *Montgomery v. United States*, 162 U.S. 410, 16 S.Ct. 797, 40 L.Ed. 1020 (1896) (letters apparently taken from railroad mail car by postal clerk); *Goode v. United States*, 159 U.S. 663, 16 S.Ct. 136, 40 L.Ed. 297 (1895) (letter taken by letter carrier from box containing mail which he was to deliver or to pass on to another employee for delivery); *United States v. Kent*, 449 F.2d 751 (5th Cir. 1971), *cert. denied*, 405 U.S. 994, 92 S.Ct. 1268, 31 L.Ed.2d 462 (1972) (letter taken by postal clerk from letter tray at her work station in dead letter room); *Kelley v. United States*, 166 F.2d 343 (9th Cir. 1948) (package taken by employee from a place "in the post office where mail was handled").