**UNITED STATES of America, Appellee,**

v.

**Robert K. COSTELLO, Sr., Appellant.**

**No. 79–1198.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 14, 1979.
Decided Aug. 24, 1979.

**590**

Randall B. Kopf of Fredman, Watkins, Fredman & Kopf, St. Louis, Mo., filed brief for appellant.

Robert D. Kingsland, U. S. Atty., and Georgia Goslee, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellee.

Before LAY, BRIGHT and HENLEY, Circuit Judges.

## PER CURIAM.

Robert K. Costello, Sr., a postal employee at the time of the offense, December 14, 1978, was charged and convicted of embezzling mail matter in violation of 18 U.S.C. § 1709. On appeal he claims the district court erred in (1) denying his motion to suppress money taken from a "test letter" seized from him in a search which he claims was unconstitutional and (2) in overruling his motion for acquittal because the Government failed to prove the test letter was matter intended to be conveyed by mail.

The evidence shows that a test letter addressed to the Bank of Grover and containing $48.00 in marked currency was placed in defendant's work area in the evening of December 14, 1978. Four postal inspectors watched the defendant from a surveillance gallery above his work area. Inspectors testified that defendant looked at the test letter around 8:35 or 8:45 P.M. and then placed it aside. About 10:00 P.M. defendant clocked out on his lunch break. He then walked passed his work area where he picked up the test letter, according to the inspector's testimony, and proceeded across the floor, upstairs to the second floor into a rest room, and finally into an enclosed stall.[1] Two inspectors immediately followed defendant into the rest room and they were soon joined by other inspectors. When Costello came out of the stall the inspectors identified themselves and asked him to put his hands against the wall, read him his rights and conducted a frisk search of him. Among the currency found in Costello's pockets were the marked bills that had been previously placed in the test envelope.

On appeal the defendant asserts that the stop and search in the rest room preceded his actual arrest and thus the search was not incident to the actual arrest. We would agree that a precedent search cannot provide justification for a subsequent arrest. *See Sibron v. New York,* 392 U.S. 40, 63, 88 S.Ct. 1889, 20 L.Ed.2d 917

---

1. Defendant contradicted this testimony, claiming he had not picked up the letter. This issue of credibility and conflicting testimony was for the jury to resolve.

(1968). Nonetheless, we recognized ten years ago that,

> where the government sustains its burden of proving that a police officer had probable cause for arresting a suspect for a felony and where it is clear that evidence seized in a contemporaneous search of the suspect's person was in no way necessary to establish probable cause, the search is incidental to the arrest.

*United States v. Skinner,* 412 F.2d 98, 103 (8th Cir. 1969).

Thus in the present case we hold that the search was legal even without a search warrant since probable cause existed for the arrest. Here Costello was under supervision and direct observation of his conduct in picking up the test letter by the postal inspectors provided probable cause.

Defendant also contends that the Government failed to prove the test letter was intended to be mailed. At trial postal inspector Burbridge explained the nature, purpose and use of test letters generally and the use of the particular test letter in the present case. This testimony provided ample evidence from which the jury could conclude that, judged by objective standards, the test letter appeared to be a letter that was intended to be delivered. *See United States v. Hergenrader,* 529 F.2d 83 (8th Cir.), *cert. denied,* 426 U.S. 923, 96 S.Ct. 2632, 49 L.Ed.2d 377 (1976). *See also United States v. Lee,* 532 F.2d 911 (3rd Cir.), *cert. denied* 429 U.S. 838, 97 S.Ct. 109, 50 L.Ed.2d 105 (1976); *United States v. Vickers,* 387 F.2d 703 (4th Cir. 1967), *cert. denied* 392 U.S. 912, 88 S.Ct. 2069, 20 L.Ed.2d 1369 (1968).

The judgment of conviction is affirmed.